**ZIPPO MANUFACTURING COMPANY, a Pennsylvania Corporation, Plaintiff.**

v.

**MANNERS JEWELERS, INC., Defendant.**

**Civ. A. No. 9626.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Feb. 12, 1960.

Adams & Reese, Walter J. Landry, New Orleans, La., for plaintiff.

George J. Kambur, New Orleans, La., for defendant

J. SKELLY WRIGHT, District Judge.

Zippo claims unfair competition and trade-mark infringement against the defendant in connection with the marketing in New Orleans, Louisiana, of Japanese cigarette lighters substantially identical in appearance to those manufactured by Zippo.[1] Zippo asserts that its products, identified by name and appearance, have become a byword with the American public and that these Japanese imitators are defrauding it of its business by marketing Chinese copies of its lighters. The case is before the court at this time on application for temporary injunction.

The defendant operates a high pressure, collapsible-type jewelry store in New Orleans in which cut-rate merchandise is featured. In offering the Japanese lighters to the public, Manners uses displays furnished by the plaintiff, whose products it also sells. The result is that customers may be induced into the store by the displays to buy Zippo lighters at the cut-rate price, only to find, on closer examination of the lighters themselves, the mark of another manufacturer, a Japanese.

The controversy here concerns the question of unfair competition, the right of Zippo to protect its registered trade-mark not being seriously questioned.[2] It is also conceded that Manners may not use Zippo displays for merchandising the lighters of other manufacturers.

---

1. Zippo alleges jurisdiction under 28 U.S.C. §§ 1332, 1338, and 15 U.S.C.A. § 1121.

2. But see Singer Mfg. Co. v. June Mfg. Co., 163 U.S. 169, 185, 199, 16 S.Ct. 1002, 41 L.Ed. 118.

Manners does maintain, however, that since the Zippo lighter is not now protected by patent[3] of any kind, it may market Chinese copies thereof as long as the manufacturer of such copies is identified on the product.

■ The problem of unfair competition through imitation of product design has given rise to an increasing amount of jurisprudence, much of which is difficult to reconcile. The difficulty derives largely from a difference in economic philosophy between those who would protect the rights of the public as distinguished from those who would find a property right in the form or design of a manufactured article, which property right would withdraw that form or design from the public domain.[4] Most of the cases recognize that the public interest in competition ordinarily precludes the protection of a property right in form or design. Unless protected by copyright or patent, once form or design in an article is offered to the public, it becomes the property of the public and, absent deceptive identification as to source, may be copied at will by competitors.[5]

■ The only circumstance under which a manufacturer may protect the form and design of its product is where that form or design has acquired a secondary meaning, that is, where the form or design identifies the product with the manufacturer, and purchasers are influenced to buy the product because of this identification.[6] The relevant inquiry here, therefore, is (1) has the Zippo design acquired a secondary meaning? and (2) is the public likely to be, or has it been, confused or misled by these Chinese copies? While all the available evidence has not been presented on this application for temporary injunction, enough has been shown to establish secondary meaning in Zippo. The defendant does not seriously question this fact. It relies primarily on the markings on the accused products to cure any likelihood of customer confusion.

■ Without question, the Japanese lighters have copied the form and design of Zippo. Also without question, however, is the fact that these lighters nowhere bear any indication, other than form and design, of being manufactured by Zippo. As a matter of fact, these lighters are boldly marked on the bottom with their own trade names. Even the fact that they are made in Japan is inscribed there. Under the circumstances, it can hardly be said that the public, acting reasonably, could be, or are likely to be, confused or misled by these lighters. At a distance they look for all the world like Zippos. Once they are taken in hand, however, it is obvious, to anyone who cares to look, they are not. Considering the type of establishment op-

---

3. All relevant patents have expired.

4. The Restatement of the Law of Torts, Volume 3, Page 622, reads:
"The privilege to engage in business and to compete with others implies a privilege to copy or imitate the physical appearance of another's goods. The public interest in competition ordinarily outweighs the interest in securing to a person the rewards of his ingenuity in making his product attractive to purchasers. But the privilege to imitate may be limited by legislative enactment. Thus, in order to encourage invention or art, a patent or copyright may, for a limited period of time, protect one's interest in the physical appearance of his goods. The privilege is also qualified by the law of Torts to the extent necessary in order to prevent the sale of one's goods as those of another and to prevent the procurement of the means of imitation by unfair methods. * * *"

5. Singer Mfg. Co. v. June Mfg. Co., 163 U.S. 169, 16 S.Ct. 1002, 41 L.Ed. 118; Kellogg Co. v. National Biscuit Co., 305 U.S. 111, 59 S.Ct. 109, 83 L.Ed. 73; West Point Manufacturing Co. v. Detroit Stamping Co., 6 Cir., 222 F.2d 581; Lucien Lelong, Inc. v. Lander Co., 2 Cir., 164 F.2d 395; New Orleans Coffee Co. v. American Coffee Co., 124 La. 19, 49 So. 730.

6. Mastercrafters Clock & Radio Co. v. Vacheron & Constantin-Le Coultre Watches, 2 Cir., 221 F.2d 464; West Point Mfg. Co. v. Detroit Stamping Co., supra; Lucien Lelong, Inc. v. Lander Co., supra; General Time Instruments Corp. v. United States Time Corp., 2 Cir., 165 F. 2d 853. See Restatement, Torts, § 741.

**848**

erated by the defendant, the fact that the lighters were being offered for sale for a small fraction of the price of a Zippo, and the further fact that the name of their true manufacturer was plainly marked thereon, it is difficult to believe that the public is likely to be deceived.

The Mastercrafters case, supra, on which Zippo relies so heavily, would protect the appearance of the Atmos clock against imitations which concededly were not likely to deceive or confuse purchasers, the court suggesting that visitors in the homes of the purchasers might be unduly impressed and deluded. No other case has gone so far. Although it does not appear in the opinion, the court there probably was influenced by, if indeed it did not attempt to follow, New York law in this field which, of course, while pertinent there, would not control the case at bar.[7]

■ Zippo's patent rights have long expired. To protect the form in which it merchandised its monopoly would be to prolong the monopoly and to deny the public the consideration for which the patent was granted. When a patent expires, the form as well as the substance of the product patented becomes the property of the public. So it is with Zippo. Purchasers who desire a Zippo-looking lighter at a low price may have one. Competitors who desire to satisfy this demand may do so. The public, having tolerated the patent monopoly, now has its inning.[8] Singer, supra; Kellogg, supra.

A temporary injunction will issue restraining the defendant from using the name Zippo and any Zippo advertising displays in merchandising the accused products in suit. The motion for temporary restraining order is otherwise denied.

7. For an excellent exposition of the law to be applied in unfair competition, trademark, and related cases, see Haeger Potteries v. Gilner Potteries, D.C., 123 F. Supp. 261, 263–267.

8. "It follows, as a matter of course, that on the termination of the patent there

passes to the public the right to make the machine in the form in which it was constructed during the patent. We may, therefore, dismiss without further comment the complaint, as to the form in which the defendant made his machines. * * *" Singer Mfg. Co. v. June Mfg. Co., supra. [163 U.S. 169, 16 S.Ct. 1008.]